**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Kim Novak NEAL, Appellant.**

Superior Court of Pennsylvania.

Submitted March 30, 1998.
Filed June 24, 1998.

John A. Knorr, Pittsburgh, for appellant.

Robert A. Willig, Asst. Dist. Atty., Pittsburgh, for the Com., appellee.

Before KELLY, STEVENS and HESTER, JJ.

HESTER, Judge:

Kim Novak Neal appeals from the order entered in the Court of Common Pleas of Allegheny County on November 1, 1996, which summarily dismissed her petition for relief pursuant to the Post Conviction Relief Act ("PCRA"). For the reasons set forth below, we affirm.

The facts and procedural history of this case may be summarized as follows. On the evening of August 6, 1990, in preparation for the execution of a search warrant, Allegheny County narcotics detectives approached a Duquesne residence. After the detectives knocked on the front door and announced themselves, they heard activity inside the dwelling. The detectives, who could see into the house, also noticed one of its occupants run up a staircase. Consequently, they forced open the door and entered the residence.

Detective Donald Stritmatter proceeded up the staircase, where appellant attempted to impede his way. Detective Stritmatter, who saw Randy Turner run down a hallway, forced his way past appellant and pursued Mr. Turner. The detective then kicked open a bathroom door and observed Mr. Turner as he attempted to flush forty-eight packets of heroin and a plastic bag containing one-half of an ounce of cocaine down the toilet. Detective Stritmatter kicked Mr. Turner aside and retrieved the drugs. Appellant and Mr. Turner were arrested, and the search of the dwelling began.

During the course of the search, detectives retrieved a New York newspaper, an item commonly associated with heroin shipments, from the living room. In the bedroom used by appellant and Mr. Turner, police recovered three baggie corners containing cocaine as well as materials used to prepare and package both heroin and cocaine for resale. From various locations in the house, including a drawer of appellant's dresser, the detectives confiscated large sums of money. Finally, they retrieved several documents evidencing appellant's occupation of the residence.

As a result of the search, appellant was charged with two counts of possession of a controlled substance, two counts of possession with intent to deliver, and one count each of possession drug paraphernalia and conspiracy. On July 10, 1991, appellant filed an omnibus pretrial motion seeking the suppression of certain evidence and the exclusion of proof relating to prior, but unspecified, convictions. Later, on November 4, 1992, appellant withdrew her omnibus motion and expressed her intention to proceed without a jury. Consequently, she filled out a written waiver form, and the trial court conducted a waiver colloquy. Trial on the matter then commenced.

On December 4, 1992, the trial court adjudicated appellant guilty of all counts. Challenging the sufficiency of the evidence supporting her convictions, appellant subsequently filed post-verdict motions. On February 18, 1993, the trial court denied appellant's request for post-verdict relief. The court then sentenced appellant to a term of imprisonment of five to ten years, ordered her to serve a consecutive two-year probationary period, and directed her to pay costs and a fine. We later affirmed the judgment of sentence. *Commonwealth v. Neal*, 435 Pa.Super. 649, 645 A.2d 891 (1994) (memorandum decision). On March 23, 1995, our Supreme Court denied further review, and appellant's judgment of sentence became final.

On February 2, 1996, while represented by new counsel, appellant petitioned for PCRA relief.[1] Appellant subsequently filed an exhibit to that petition, and the trial court provided appellant with notice that it intended to dismiss the petition summarily.[2] Later, after appellant responded to the notice, the trial court entered the contested order. This timely appeal followed.

When examining a post-conviction court's denial of relief, our scope of review is limited to a determination of whether the court's findings are supported by the record and are otherwise free of legal error. *See, e.g., Commonwealth v. Gaskins*, 692 A.2d 224, 226 (Pa.Super.1997). The findings of the post-conviction court will not be disturbed unless they have no support in the record. *Id.* Additionally, we note that there is no absolute right to a hearing pursuant to the PCRA. Rather, the post-conviction court may elect to dismiss a petition if it has thoroughly reviewed the claims presented and determined that they are utterly without support in the record. *Id. Commonwealth v. Schultz*, 707 A.2d 513, 516 (Pa.Super.1997). However, if the facts alleged in the petition, if proven, would entitle the petitioner to relief, summary dismissal is inappropriate. *See Commonwealth v. Granberry*, 434 Pa.Super. 524, 644 A.2d 204 (1994). Keeping these principles in mind, we consider the propriety of the trial court's summary denial of relief.

The PCRA, which was amended effective January 16, 1996, "provides for an action by which persons convicted of crimes they did not commit and serving illegal sentences may obtain collateral relief."[3] 42 Pa.C.S. § 9542. In order to be eligible for relief, a post-conviction petitioner must plead and prove that the contested conviction or sentence resulted from one or more of the following circumstances:

(i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

42 Pa.C.S. § 9543(a)(2).[4] In addition, the petitioner must plead and prove that the claim has not been litigated previously or waived. 42 Pa.C.S. § 9543(a)(3). An issue is considered waived if the petitioner could have raised it in prior proceedings but failed to do so. 42 Pa.C.S. § 9544(b).

In her first two claims, appellant challenges the trial court's disposition of matters related to her jury trial waiver. In presenting them, appellant proceeds on the premise that her omnibus pretrial motion informed

---

1. Since appellant filed her PCRA petition within one year of the date on which her judgment of sentence became final, it is timely. *See* 42 Pa.C.S. § 9545(b).

2. While the record certified to us does not contain this notice, other documents presented to us refer to it.

3. The amendments, which changed provisions relating to cognizability, eliminated exceptions to waiver, and set forth time limits for seeking relief, substantially limit a petitioner's ability to obtain relief. *See* 42 Pa.C.S. §§ 9543–9545.

4. We note that the amended statute has not been renumbered.

the trial court that she previously had been convicted of offenses similar to those at issue. Thus, while acknowledging that she raises no complaint regarding the consideration of inadmissible evidence, appellant contends that the waiver of her constitutional right to a jury trial was involuntary since she was not informed that the court knew of her prior convictions or that a jury could not consider evidence relating to them. Similarly, appellant contends that trial counsel ineffectively failed to advise her of those matters.

■ Even if we assumed that the omnibus pretrial motion actually specified the prior crimes for which appellant was convicted and that the trial court reviewed the motion before its withdrawal, matters unsupported by the record, we would not disturb the trial court's disposition of either claim. Appellant's arguments contain no allegations indicating a link to the evidentiary process of the trial, and it is clear that the waiver of a jury trial has no impact upon either the burden of proof or evidentiary rules. *See Commonwealth v. Piole*, 431 Pa.Super. 391, 636 A.2d 1143 (1994). Therefore, the claims in question merely assert the existence of a constitutional violation and ineffective assistance of counsel without reference to the truth-determining process. Accordingly, they are not cognizable.

■ In her three remaining issues, appellant questions the appropriateness of the trial court's disposition of challenges relating to the effectiveness of trial counsel. The underlying claims relate to trial counsel's failure to object to certain evidence and to call a witness. Appellant also asserts that counsel ineffectively neglected to raise the former issue on direct appeal.[5] All of the challenges to counsel's effectiveness facially implicate the truth-determining process and thus, are cognizable. *See Commonwealth v. Lantzy*, 712 A.2d 288 (Pa.Super.1998) (*en banc*) (truth-determining process not necessarily complete until the exhaustion of direct appeal rights); *Commonwealth v. Dukeman*, 413 Pa.Super. 397, 605 A.2d 418 (1992) (ineffec-

tiveness claims which facially implicate truth-determining process cognizable). In addition, we note that none of the three claims has been litigated previously. Accordingly, we consider whether any of them has been waived.

As mentioned earlier, a claim is waived under the PCRA if it could have been raised previously but was not. Prior to the PCRA's amendment, a petitioner could overcome waiver by asserting his innocence or that the waiver occurred at a stage in the proceedings where a constitutional right to counsel existed. *See* 42 Pa.C.S. § 9543(a)(3)(i), (ii) (repealed). However, in the amended version of the PCRA, the legislature deleted those exceptions to waiver and added time constraints for seeking relief. *See* 42 Pa.C.S. §§ 9543(a)(3), 9545(b). Despite removing the exceptions to waiver and adding time limits for seeking relief, the legislature retained the provision that renders cognizable ineffectiveness claims implicating the truth-determining process, a process encompassing the direct appeal stage. *See Commonwealth v. Lantzy*, *supra.*

■ The legislature's obvious purpose in removing the exceptions to waiver and in adding time limitations was to preclude petitioners from filing serial PCRA petitions and from seeking relief long after a conviction becomes final. The legislature's decision to retain the language rendering ineffectiveness claims implicating the truth-determining process cognizable implicitly amounts to a recognition that an allegation of ineffectiveness for failure to pursue a cognizable issue through direct appeal may overcome waiver. Since nearly all issues asserted in post-conviction proceedings have been waived under the strict language of 42 Pa.C.S. § 9544(b), any contrary conclusion would essentially nullify the PCRA. Indeed, it defies common sense to conclude that the legislature intended to render certain issues cognizable and then intend them to be waived. Thus, while the amended PCRA precludes the filing of serial claims for relief, it effectively retains the right of crimi-

---

5. The Commonwealth contends that appellant's challenge to counsel's failure to raise the matter on direct appeal was not asserted in the PCRA court. *See* Commonwealth's brief at 14. Con-

trary to the Commonwealth's contention, our review of the record reveals that appellant raised this precise issue in her PCRA petition and argued it in her memorandum of law.

nal defendants to file one petition within the prescribed time frame. For purposes of that first petition, we must presume that a cognizable issue has not been waived.

■ In the present case, we do not believe any of the three underlying issues have been waived. It is clear that claims of ineffectiveness must be raised at the first opportunity at which counsel whose effectiveness is being challenged no longer represents the defendant. *See Commonwealth v. Granberry, supra.* Since trial counsel represented appellant through the direct appeal stage, appellant took advantage of the first opportunity that she had to raise those claims when she asserted them in the PCRA proceedings. Accordingly, we address their merits.

■ Our standard for reviewing the effectiveness of counsel is well established.

In order to demonstrate ineffective assistance of counsel, an appellant must show: "1) that the underlying claim is of arguable merit; 2) that counsel's performance was unreasonable; and 3) that counsel's ineffectiveness prejudiced defendant." *Commonwealth v. Peterkin,* 538 Pa. 455, 460, 649 A.2d 121, 123 (1994).

*Commonwealth v. Robinson,* 452 Pa.Super. 606, 611–13, 682 A.2d 831, 834 (1996). Trial counsel is presumed to be effective, and the burden of proving ineffectiveness rests with appellant. *Commonwealth v. Wallace,* 433 Pa.Super. 518, 641 A.2d 321 (1994). Moreover, "[i]n reviewing any particular claim of ineffectiveness, we need not determine whether the first two prongs of the standard are met if the record evinces that Appellant has not met the prejudice prong." *Commonwealth v. Jones,* 546 Pa. 161, 175, 683 A.2d 1181, 1188 (1996), citing *Commonwealth v. Travaglia,* 541 Pa. 108, 118, 661 A.2d 352 (1995); *Commonwealth v. Wilson,* 543 Pa. 429, 672 A.2d 293 (1996).

"Prejudice ... has been defined to mean that Appellant must establish that but for the arguably ineffective act or

omission there is a reasonable probability that the result would have been different." *Commonwealth v. Crawley,* 541 Pa. 408, 414, 663 A.2d 676, 679 (1995). *See also Commonwealth v. Jermyn,* 533 Pa. 194, 198, 620 A.2d 1128, 1130 (1993) (in order to establish prejudice, appellant must demonstrate that counsel's improper course of conduct "had an adverse effect upon the outcome of the proceedings."); *Commonwealth v. Anthony,* 376 Pa.Super. 623, 628, 546 A.2d 1122, 1125 (1988) ("[T]o prove that counsel's ineffectiveness resulted in prejudice, an appellant must show that the error was 'so serious as to deprive him or her of a fair trial, a trial whose result was reliable.'") (Citations omitted).

*Commonwealth v. Cull,* 455 Pa.Super. 469, 480, 688 A.2d 1191, 1196–97 (1997).

*Commonwealth v. Oliver,* 693 A.2d 1342, 1346 (Pa.Super.1997).

■ Appellant contends that trial counsel ineffectively failed to object when the Commonwealth asked appellant if she had been convicted in the past of selling drugs. She further contends that counsel improperly failed to raise the matter on direct appeal. We note, however, that the trial court indicates that it did not consider appellant's prior record during the adjudication process.[6] *See* Trial court opinion, 6/17/97, at 7. Moreover, it is clear that when the court is sitting as fact-finder it presumptively is capable of disregarding inadmissible evidence and considering only relevant and competent evidence. *See Commonwealth v. Davis,* 491 Pa. 363, 421 A.2d 179 (1980); *Commonwealth v. Miller,* 426 Pa.Super. 410, 627 A.2d 741 (1993). Consequently, as we perceive no prejudice flowing from counsel's omission, counsel may not be faulted for neglecting to interpose an objection to the question. Similarly, even if we assumed that counsel properly could have questioned his own effectiveness, he may not be faulted for neglecting to question his conduct regarding the matter on direct appeal.

---

**6.** While the trial court made this statement in connection with appellant's jury waiver claims, it appears equally applicable to the present issue.

Finally, appellant contends that trial counsel ineffectively failed to call Randy Turner as a witness on her behalf.

In order to establish that trial counsel was ineffective for failing to call witnesses, a petitioner must:

(1) identify the witness or witnesses;

(2) demonstrate that counsel actually knew, or had a duty to know, the identity of the witness or witnesses prior to trial;

(3) demonstrate that the witness or witnesses were ready, willing and able to testify for the defense at trial; and

(4) demonstrate that the proposed testimony would have been helpful to the defense asserted at trial.

*Commonwealth v. Schultz, supra* at 519.

In the present case, we have examined appellant's PCRA petition, the offer of proof made therein, and the letter written by Mr. Turner, which was filed as an exhibit. The petition indicates that appellant advised counsel that she wished Mr. Turner to testify and that Mr. Turner was willing and able to testify at the time of appellant's trial. It also establishes that Mr. Turner's testimony would have demonstrated that appellant was not aware of the presence drug-related items in the house. However, we note that appellant testified at trial that she was unaware of the drugs and related items found in the residence. The testimony of Mr. Turner would have done little more than corroborate appellant and thus, would have been cumulative. Consequently, appellant's claim must fail. *See Commonwealth v. Milligan*, 693 A.2d 1313 (Pa.Super.1997) (counsel ordinarily will not be deemed ineffective for failing to call witnesses for the presentation of merely cumulative testimony). Accordingly, as appellant has failed to demonstrate that the trial court's disposition of any of her claims was improper, we affirm.

Order affirmed.