J-S33043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DANTE ROBINSON | |
| Appellant | No. 2825 EDA 2014 |

Appeal from the PCRA Order September 23, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009722-2007

BEFORE: FORD ELLIOTT, P.J.E., DONOHUE, J., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED JULY 07, 2015**

Dante Robinson appeals from the order entered in the Court of Common Pleas of Philadelphia County, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

On September 29, 2008, Robinson was convicted by a jury of attempted murder and related crimes, stemming from an incident in which he robbed a newspaper delivery person at gunpoint. On January 15, 2009, the Honorable Lisa M. Rau sentenced him to 10 years, 2 months to 22 years of imprisonment. This Court affirmed Robinson's judgment of sentence on August 31, 2010 and, on March 29, 2011, the Supreme Court denied allowance of appeal. Robinson filed a *pro se* PCRA petition on June 22, 2012. Judge Rau appointed counsel, who filed an amended petition on

March 20, 2014. By order dated September 23, 2014, Judge Rau dismissed Robinson's petition without a hearing. This timely appeal followed, in which Robinson claims that the trial court erred by denying him an evidentiary hearing on the issue of whether he received ineffective assistance of trial counsel based on his assertion that counsel's advice prevented him from testifying in his own defense at trial.

Our standard and scope of review for the denial of a PCRA petition is well settled. We review the PCRA court's findings of fact to determine whether they are supported by the record, and review its conclusions of law to determine whether they are free from legal error. *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). The scope of our review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. *Id.*

Robinson claims that trial counsel rendered ineffective assistance by preventing him from testifying at trial and that the PCRA court erred by failing to hold an evidentiary hearing on the issue. These claims are without merit.

There is no absolute right to a hearing pursuant to the PCRA. *Commonwealth v. Neal*, 713 A.2d 657, 660 (Pa. Super. 1998). Rather, the PCRA court may dismiss a petition if it has thoroughly reviewed the claims presented and determined that they are utterly without support in the record. *Id.* A hearing is appropriate only where the facts alleged in the

petition, if proven, would entitle the petitioner to relief. *Id.* In other words, a petitioner alleging ineffectiveness of counsel must plead and offer to prove facts that would demonstrate: (1) that the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and, (3) that, but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. Mann*, 820 A.2d 788, 792 (Pa. Super. 2003).

Here, Robinson has pleaded no facts which, if proven, would demonstrate that trial counsel prevented him from testifying on his own behalf. Rather, his petition contains mere blanket statements that counsel "prevented the defendant from testifying" and "interfered with the defendant's freedom to testify[.]" Amended PCRA Petition, 3/21/14, at ¶ 4. Robinson provides no factual basis to explain how counsel interfered with his right to testify. Accordingly, he was not entitled to an evidentiary hearing. *Neal*, *supra*.

Moreover, "[i]t is well settled that a defendant who made a knowing, voluntary, intelligent waiver of testimony may not later claim ineffective assistance of counsel for failure to testify." *Commonwealth v. Lawson*, 762 A.2d 753, 755 (Pa. Super. 2000). At trial, the court engaged in an extensive colloquy with Robinson regarding his right to testify. Specifically, the court inquired as follows:

THE COURT:    Okay.  Mr. Robinson, these are all standard questions so don't take that I'm meaning anything other than these are questions I typically ask in each case.  Are you under the influence of any alcohol or drugs?

THE DEFENDANT:    No.

THE COURT:    Prescription or otherwise?

THE DEFENDANT:    No.

THE COURT:    Do you have anything that would affect your ability to understand what's going on in the courtroom?

THE DEFENDANT:    No.

THE COURT:    Have you been satisfied with your counsel –

THE DEFENDANT:    Yes.

THE COURT:    -- up to this point?

THE DEFENDANT:    Yes.

THE COURT:    You made a decision, as I understand it yesterday, not to testify in this case, correct?

THE DEFENDANT:    Yes.

THE COURT:    Did you fully discuss with your counsel that decision?  And I don't want to know what was said, but did you get a chance to talk to him about that decision?

THE DEFENDANT:    Yes.

THE COURT:    Okay.  You've heard me tell the jury that you have an absolute right not to testify if you want.  But do you understand that you have an absolute right to testify if you want?

THE DEFENDANT:    Yes.

THE COURT:    And do you understand that this is a decision that you yourself have to make; do you understand that?

THE DEFENDANT:     Yes.

THE COURT:     You can hear recommendations and all that kind of stuff, but you yourself have to make that decision for yourself.

THE DEFENDANT:     Yes.

THE COURT:     And is it your decision that you do not want to testify?

THE DEFENDANT:     Yes.

THE COURT:     Has anybody pressured you or forced you to make that decision?

THE DEFENDANT:     No.

THE COURT:     That's something you decided of your own free will; is that correct?

THE DEFENDANT:     Yes.

N.T. Trial, 9/26/08, at 4-6.

Based on the answers Robinson gave under oath during his colloquy with the trial court, he may not now prevail on a claim that counsel was ineffective for preventing him from testifying. *Lawson*, *supra*. Accordingly, the PCRA court did not err in denying his petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/7/2015