J-S33038-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GEORGE WILLIAMS | |
| Appellant | No. 2523 EDA 2014 |

Appeal from the PCRA Order August 18, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0419612-1990

BEFORE:  FORD ELLIOTT, P.J.E., DONOHUE, J., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED JULY 14, 2015**

George Williams appeals *pro se* from the order entered in the Court of Common Pleas of Philadelphia County, dated August 18, 2014, dismissing his petition and supplemental petition filed pursuant to the Post Conviction Relief Act ("PCRA")[1] as untimely.  We affirm.

The PCRA court set forth the factual and procedural history of the matter as follows:

> [Williams] was found guilty after a jury trial of second degree murder, robbery, and possession of an instrument of crime on December 27, 1991, before the Honorable Judge John J. Poserina, Jr.  On April 8, 1994, [Williams] was sentenced by Judge Poserina to serve a life sentence.  After [Williams] filed his timely appeal, the Superior Court affirmed the judgment of sentence on December 21, 1994.  No further appeal was filed.

---

[1] 42 Pa. C.S. §§ 9541-9546.

[Williams] filed his first *pro se* post conviction relief petition on March 4, 1995. Thereafter counsel was appointed, and the petition was dismissed after his appointed counsel filed a "no merit" letter pursuant to [**Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).] The Superior Court affirmed the dismissal on November 24, 1997, and the Supreme Court denied *allocatur* on August 17, 1998.

[Williams] filed his second post conviction petition on March 28, 2006, and the petition was dismissed as untimely on June 21, 2007. [Williams] then filed his third post conviction petition on May 5, 2008, and the petition was dismissed as untimely on February 17, 2009. The Superior Court affirmed the dismissal on October 8, 2009 and the Supreme Court denied *allocatur* on May 19, 2010.

Prior to the denial of *allocatur*, [Williams] filed a petition for re-argument in the Superior Court, which denied the petition on December 10, 2009. Subsequent thereto, on July 30, 2010, [Williams] filed a Writ of Certiorari to the United States Supreme Court which denied it on October 4, 2010. [Williams] filed his fourth post conviction petition on August 24, 2010, which was denied. The Superior Court affirmed the dismissal on December 14, 2012, and the Supreme Court denied *allocatur* on September 24, 2013.

[Williams] filed his current post conviction petition on August 15, 2012, and a supplemental petition on July 16, 2013. After conducting an extensive and exhaustive review of the record and applicable case law, this [c]ourt determined that [Williams'] petition and supplemental petition seeking post conviction collateral relief were untimely field. Therefore, this [c]ourt did not have jurisdiction to consider Williams' PCRA petition.

PCRA Court Opinion, 11/24/14, at 1-2.

On March 26, 2014, the PCRA court issued a notice of its intention to dismiss Williams' August 15, 2012 petition and July 16, 2013 supplemental petition (collectively the "PCRA petition") without a hearing. **See** Pa.R.Crim.P. 907(1). Williams filed a *pro se* response on April 4, 2014. On

August 18, 2014, the PCRA court entered an order dismissing the PCRA petition.[2]  The PCRA court subsequently filed a supporting opinion on November 24, 2014.

In his timely *pro se* appeal, Williams raises the following issues for our review, *verbatim*:

I.      Whether the PCRA court erred in finding that [Williams'] 8/15/12 and 7/16/13 PCRA petitions are untimely filed when both petitions were:  a) filed within 60 days of their discovery;  b) predicated on information previously unknown and couldn't be discovered any earlier by the use of due diligence; c) 8/15/12 petition was based upon recent rulings rendered in *Miller v. Alabama*[3] and *Commonwealth v. Knox*;[4] and d) properly pled exceptions as required by the filing statute?

II.     Whether the PCRA court erred in not holding a hearing on [Williams'] 7/16/13 petition that was based upon an affidavit of Commonwealth witness Kevin M. Lewis and the after-discovered evidence[, consisting of several 75-48 police reports, including one by Coroner Block,] which shows that [Williams] did not search the pockets of Mr. Fleming for money after the shooting and killing of Mr. Fleming by an alleged codefendant and that [Williams] is therefore convicted of a crime that he did not commit?

Appellant's Brief, at v.

_____

[2] It appears that the PCRA court issued two identical orders dismissing the PCRA petition, one dated August 18, 2014, and one dated August 25, 2014. Williams' notice of appeal was filed August 26, 2014, and references the order of August 18, 2014.

[3] *Miller v. Alabama*, 132 S.Ct. 2455 (2012).

[4] *Commonwealth v. Knox*, 50 A.3d 732 (Pa. Super. 2012).

Our standard and scope of review for the denial of a PCRA petition is well-settled. We review the PCRA court's findings of fact to determine whether they are supported by the record, and review its conclusions of law to determine whether they are free from legal error. *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). The scope of our review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. *Id.*

Before we may consider the merits of Williams' claims, we must consider whether this appeal is properly before us.

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1). A judgment becomes final at the conclusion of direct review by [the Pennsylvania Supreme] Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

*Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012) (citations and footnote omitted).

Williams was sentenced to serve a life sentence on April 8, 1994. This Court affirmed the judgment of sentence on December 21, 1994, and Williams did not seek allowance of appeal. Thus, Williams' judgment of sentence became final on January 20, 1995, when his time to seek

allowance of appeal expired. *See* Pa.R.A.P. 1113. Williams had one year from that date to file a PCRA petition, specifically, until January 20, 1996. However, Williams filed the instant PCRA petition on August 15, 2012, and filed a supplemental petition on July 16, 2013, such that the PCRA petition is untimely on its face. Thus, the PCRA court lacked jurisdiction to review the PCRA petition unless Williams pleaded and proved one of the statutory exceptions to the time-bar.

The three statutory exceptions for an untimely petition under the PCRA consist of the following:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, a petition invoking a timeliness exception pursuant to the statute must "be filed within 60 days of the date the claim could have been presented." *Id.* at § 9545(b)(2).

Williams' first PCRA claim invokes the newly-recognized constitutional right exception in section 9545(b)(1)(iii); Williams bases his claim upon the holding in *Miller v. Alabama*, 132 S.Ct. 3455, decided on June 25, 2012.

Williams filed his PCRA petition on August 15, 2012, within sixty days of the *Miller* decision. The holding in *Miller* provides that a sentence of life imprisonment without the possibility of parole is an unconstitutional sentence when imposed upon juveniles convicted of murder. *Id. See Commonwealth v. Knox*, 50 A.3d 732 (Pa. Super. 2012) (applying the Miller holding in a Pennsylvania case). However, despite providing a new constitutional right with respect to sentencing, *Miller* does not apply retroactively. *See Commonwealth v. Cunningham*, 81 A.3d 1 (Pa. 2013), *cert. denied sub nom. Cunningham v. Pennsylvania*, 134 S.Ct. 2724 (2014).

Moreover, the *Miller* holding is specifically limited to juveniles under eighteen years of age at the time they committed murder. *See Miller*, 132 S.Ct. at 2460; *Commonwealth v. Cintora*, 69 A.3d 759, 764 (Pa. Super. 2013) (refusing to extend *Miller* to individuals eighteen years of age or older at time murder committed). In the instant matter, Williams was over the age of eighteen at the time he committed the crimes for which he was convicted of murder. Thus, the holding in *Miller* is wholly inapplicable to Williams' case, and Williams has failed to plead and prove a timeliness exception with respect to this claim.

Williams' second PCRA claim is asserted in his supplemental petition, filed July 16, 2013. Williams invokes the newly-discovered evidence exception in section 9545(b)(1)(ii). Williams provides two separate types of newly-discovered evidence. First, Williams asserts that three police reports,

including one completed by Coroner Block, were withheld at earlier stages of the proceedings and contain exculpatory information. However, the police reports Williams mentions were provided to Williams on February 3, 2006, and he filed a PCRA petition based on the contents of the police reports on March 28, 2006. That petition was Williams' second, and it ultimately was dismissed as untimely on June 21, 2007. As the police reports have been in Williams' possession for nearly a decade and have already been considered within the context of a PCRA petition, the police reports do not constitute newly-discovered evidence and Williams' claims regarding the police reports are not timely.

Next, Williams provides an affidavit of Kevin M. Lewis, an eye-witness to the killing. Williams asserts that the affidavit indicates that he, the appellant, did not search the victim's pockets for money after a codefendant shot the victim, despite the testimony of another codefendant, Alvin Morgan, indicating that Williams had searched the victim's pockets. Williams claims that the Commonwealth used his alleged search of the victim's pockets as "the overt act that sustained [his] conviction for second degree murder and robbery as an accomplice." Appellant's Brief, at 16. Accordingly, Williams claims that he was wrongly convicted and that the instant PCRA is timely filed because Lewis did not prepare his exculpatory affidavit until May 28, 2013.

As to the contents of Lewis' affidavit, Williams has the burden of demonstrating that he could not have previously discovered the information

in Lewis' affidavit through the exercise of due diligence. 42 Pa.C.S. § 9545(b)(1)(ii). "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." *Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa. Super. 2010) (citations omitted). Moreover, the focus of the exception is "on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." *Commonwealth v. Johnson*, 863 A.2d 423, 427 (Pa. 2004).

Lewis testified on behalf of the Commonwealth at trial. In his affidavit, however, he seems to indicate that he was pressured into this testimony by the prosecutor and that his testimony changed from his original recollection to become more favorable to the Commonwealth.[5] Lewis indicates that he provided his testimony at trial because he was concerned that if he did not, he would be arrested and would lose a college basketball scholarship. Lewis seems to indicate that his trial testimony merely placed Williams at the crime scene; the affidavit, however, expands upon this to indicate that

---

[5] Lewis' affidavit is difficult to comprehend and what Lewis attempts to express is not entirely clear in places. Additionally, as the PCRA court noted, Lewis "was recently convicted of first-degree murder and sentenced to life imprisonment thereby giving him nothing to lose by fabricating the information in his affidavit." PCRA Court Opinion, 11/24/14, at 6.

though Williams was present, he did not say anything, did not touch the victim or search the victim's pockets, and did not have a weapon.

Williams obtained Lewis' affidavit more than twenty years after Williams was convicted. Williams was aware the entire time that Lewis had been present at the crime scene. Williams nevertheless asserts that he could not have obtained Lewis' observations sooner, though he provides no concrete reason why this is so. In fact, Williams did nothing regarding Lewis' observations until Lewis provided Williams with his affidavit. Accordingly, Williams fails to show due diligence or that he took reasonable steps to protect his interests. **Monaco**, **supra**. **See also, e.g.**, **Commonwealth v. Edmiston**, 65 A.3d 339 (Pa. 2013) (holding PCRA claim regarding new evidence untimely since defendant failed to articulate reasons for failing to interview witnesses and obtain information sooner).

However, in support of his claim that he could not have determined the information sooner, Williams cites to a recent en banc decision by this Court, **Commonwealth v. Medina**, 92 A.3d 1210 (Pa. Super. 2014) (en banc), *appeal granted*, **Commonwealth v. Medina**, 105 A.3d 658 (Pa. 2014).[6]

---

[6] Among other things, the issues raised on appeal include whether the Court erred in deeming a PCRA petitioner duly diligent in pursuing his claim despite failing to speak with the recanting witness for fourteen years, and whether the Court erred in determining that the recantation evidence would have changed the verdict in the matter.

*Medina* specifically considered recantation testimony in the context of a PCRA petition. This Court held that Medina's PCRA petition was timely based upon the newly-discovered fact exception to the time-bar even though the petition was filed years beyond the deadline to file a timely petition. The facts involved a witness relied upon by the Commonwealth at trial, who later recanted and indicated that the Commonwealth had coerced him into testifying against Medina. This Court determined that the record supported the PCRA court's determination that petitioner could not have previously discovered the source of prosecution witness' recantation, or the recantation itself, through the exercise of due diligence. *Id.* at 1217-18 (noting that witness "testified consistently and unequivocally at trial that [Medina] wielded a knife shortly before the murder and stated that he was going to kill someone. As such, it was highly unlikely that defense counsel, without any supporting factual basis, could have compelled [the witness] to change his testimony during cross-examination, by engaging in a fishing expedition as to why [the witness] was lying.").

Because the *Medina* Court considered the petition timely, the decision involved whether a new trial was properly granted based upon after-discovered evidence. *Id.* at 1218. In determining whether a new trial should be granted based on newly-discovered evidence, it is the PCRA petitioner's burden to

> [d]emonstrate that the evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or

- 10 -

cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

**Commonwealth v. Pagan**, 950 A.2d 270, 292 (Pa. 2008).

In **Medina**, the Commonwealth argued that only the fourth prong in **Pagan** was not satisfied. The Court, however, held that a different verdict was likely because the witness' recantation testimony not only repudiated his own trial testimony implicating the petitioner in a stabbing death, it directly contradicted the only eyewitness account which was made by a witness lacking in credibility. The Court found that if a jury believed the recantation testimony, "the Commonwealth would be left with shaky circumstantial proof." **Medina**, 92 A.3d at 1220.

Here, however, while Williams attempts to label Lewis' affidavit as "recantation," Williams also states that Lewis did not directly recant his trial testimony.[7] **See** Brief for Appellant, at 18. Further, even if Lewis' affidavit were considered to recant his trial testimony, **Medina** is distinguishable from

---

[7] Unfortunately, the notes of testimony Williams' trial proceedings appear to have been lost permanently, as they are unable to be located and a memorandum within the record indicates an attorney who previously represented Williams had the notes of testimony and refused to return them. While some citations to the notes of testimony exist in the record, they are not available in their entirety for us to compare with Lewis' affidavit. Even so, Lewis' affidavit itself seems to indicate that his testimony was used merely to place Williams at the crime scene. Under these circumstances, it cannot be said that Lewis' affidavit contradicts his trial testimony.

the instant matter because the contents of Lewis' affidavit would not result in a different verdict if a new trial were granted.

In the instant matter, the Commonwealth had at least one other eyewitness, Alvin Morgan, who testified to Williams' presence and actions at the crime scene. No argument has been raised demonstrating that Morgan was not credible in his testimony against Williams. Unlike the circumstances in **Medina**, the Commonwealth would not be left with merely "shaky" circumstantial evidence. Additionally, because Moore testified to Williams' presence and participation in the crime, Lewis' testimony was cumulative at the trial. We also note the PCRA court's skepticism regarding Lewis' credibility, and we find that if Lewis' proffered his testimony at this late date it would not change the outcome of the matter.

Furthermore, because an apparently credible witness implicated Williams for his involvement in the crime and Lewis' affidavit is an inherently suspect piece of evidence, we find that Williams has not satisfied his burden of providing a strong *prima facie* showing that a miscarriage of justice occurred. **See Commonwealth v. Hawkins**, 598 Pa. 85, 91, 953 A.2d 1248, 1251 (2006) (holding that second or subsequent request for relief under the PCRA will not be entertained without strong case for miscarriage of justice). **See Medina**, 92 A.3d at 1224 (Gantman, P.J., dissenting).

Thus, Williams is not entitled to a new trial based upon newly-discovered evidence, and the PCRA court was therefore not required to hold an evidentiary hearing prior to dismissing the PCRA petition. ***See***

*Commonwealth v. Neal*, 713 A.2d 657, 660 (Pa. Super. 1998) (right to evidentiary hearing in PCRA context is not absolute; where PCRA petitioner is not entitled to relief, the court may dismiss a PCRA petition without conducting an evidentiary hearing).  Therefore, we affirm the order dismissing Williams' PCRA petition, albeit on different grounds than the PCRA court.[8]

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/14/2015

_____

[8] "This Court may affirm the trial court's decision on any basis supported by the record."  *Commonwealth v. Barren*, 74 A.3d 250, 254 (Pa. 2013) (citation omitted).