J. S88035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
:
MOISES ROSADO, :
:
Appellant : No. 1776 EDA 2016

Appeal from the PCRA Order Entered June 3, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007720-2008

BEFORE:  OLSON, RANSOM, and STRASSBURGER*, JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED FEBRUARY 22, 2017**

Moises Rosado (Appellant) appeals from the June 3, 2016 order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

In light of the issues presented, a complete factual history is unnecessary.  Pertinent to this appeal, on March 10, 2010, following a jury trial, Appellant was convicted of, *inter alia*, attempted murder and possession of a firearm, stemming from the 2007 shooting of his sister's boyfriend, Louis Martinez.[1]  On April 29, 2010, Appellant was sentenced to

---

[1] Following the jury's verdict, Appellant elected to waive his right to a jury trial on his remaining charge, possession of a firearm by a prohibited person. Following an on-the-record colloquy, the trial court found Appellant guilty of this charge.

*Retired Senior Judge assigned to the Superior Court.

20 to 40 years' incarceration for attempted murder, with a concurrent term of five to ten years' incarceration for unlawful possession of a firearm.

On January 20, 2012, this Court affirmed Appellant's judgment of sentence, and our Supreme Court denied Appellant's petition for allowance of appeal on May 30, 2012. **Commonwealth v. Rosado**, 43 A.3d 523 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 47 A.3d 847 (Pa. 2012). Appellant timely filed the PCRA petition that is the subject of the instant appeal, his first, on November 13, 2012.

> PCRA counsel was appointed and, on August 25, 2014, counsel filed an amended PCRA petition. On June 12, 2015, the Commonwealth filed a motion to dismiss and [Appellant] filed a response on July 11, 2015. The matter was first listed before [the PCRA] court for decision on November 6, 2015. On November 6, 2015, a hearing was scheduled for January 29, 2016. On January 29, 2016, [the PCRA] court heard argument related to [Appellant's] claim of trial counsel's ineffectiveness for failure to interview and call a witness at trial. On April 22, 2016, following a review of the record, [the PCRA court] sent [Appellant] a 907 Notice, pursuant to Pa.R.Crim.P. 907(1). [The PCRA court] did not receive any response to the 907 Notice. On June 3, 2016, upon review of the record, evidence, [and] argument of counsel, [the PCRA] court dismissed the PCRA petition.

PCRA Court Opinion, 6/10/2016, at 2 (unnecessary capitalization omitted).

On June 3, 2016 Appellant timely filed a notice of appeal. The PCRA court did not issue an order for Appellant to file a concise statement pursuant to Pa.R.A.P. 1925, but did author a 1925(a) opinion. Appellant raises the following claims for our review.

I. Did the [PCRA] court err when it dismissed Appellant's PCRA petition without a hearing since trial counsel rendered ineffective assistance of counsel?

   a. Is Appellant entitled to post-conviction relief in the form of a new trial or a remand for an evidentiary hearing as a result of trial counsel's ineffectiveness in failing to interview Michael Amerman and present his testimony at trial?

   b. Is Appellant entitled to post-conviction relief in the form of a new trial or a remand for an evidentiary hearing as a result of trial counsel's ineffectiveness in failing to object to the trial court's allowing the jury to have a copy of the trial court's charge concerning the crime of attempted murder only in violation of Pa.R.Crim.P. 646?

   c. Is Appellant entitled to post-conviction relief in the form of a new trial or remand for an evidentiary hearing with regard to his conviction for possession of firearms by prohibited person under [18 Pa.C.S. § 6105] as a result of trial counsel's ineffectiveness in failing to object to the trial court's denial of Appellant's right to a jury trial concerning this charge?

Appellant's Brief at 4.

Our standard of review of the denial of a PCRA petition is limited to examining whether the PCRA court's rulings are supported by the evidence of record and free of legal error. *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010). "To establish ineffectiveness of counsel, a PCRA petitioner must show the underlying claim has arguable merit, counsel's actions lacked any reasonable basis, and counsel's actions prejudiced the petitioner. Prejudice means that, absent counsel's conduct, there is a reasonable probability the outcome of the proceedings would have

been different." *Commonwealth v. Jones*, 71 A.3d 1061, 1063 (Pa. Super. 2013) (citations omitted). Further, counsel is presumed to be effective. *Commonwealth v. Simpson*, 112 A.3d 1194, 1197 (Pa. 2015).

Appellant first contends that trial counsel was ineffective in failing to interview Michael Amerman and call him as a witness at trial. Appellant's Brief at 14. Specifically, Appellant references an affidavit wherein Mr. Amerman avers he was an eyewitness to the shooting and claims that he observed an individual, who arrived at the scene of the crime with the victim, pull out a gun and shoot in the "general direction" of Appellant.[2] Affidavit of Michael Amerman, 8/21/2012. Appellant contends the Commonwealth and police were aware of Mr. Amerman's existence, because Mr. Amerman, matching the description of the male wanted in connection with the shooting, was subject to an investigative stop hours after the shooting. Appellant's Brief at 20. A report was generated and was provided to trial counsel as part of pre-trial discovery. *Id.*

In response, the PCRA court offered the following analysis of Appellant's claim.

> In the instant case, although [Appellant] has attached an affidavit of Michael Amerman providing his putative testimony, [Appellant] has failed to establish that Mr. Amerman was available and willing to testify at the time of trial because the

---

[2] Appellant conceded on direct appeal that he shot the victim. *See Rosado*, 43 A.3d 523 (unpublished memorandum). Appellant avers in his *pro se* memorandum in support of his PCRA petition that Mr. Amerman's testimony would have served as "mitigating" evidence against the attempted murder charge. *Pro Se* Memorandum, 11/16/2012, at 5 (unnumbered).

affidavit is silent as to those key requirements. Regardless of any analysis of the prejudice suffered or not suffered by [Appellant] on account of the absence of Mr. Amerman's testimony, [Appellant] has not shown that the witness was available or willing to testify and thus, his claim must fail.

Moreover, [Appellant] completed a colloquy on the record at the time of trial regarding his decision not to testify and his decision not to present any witnesses. The transcript provides the following:

> [Defense Counsel]: Do you understand that you have the right, but do not have to call witnesses?
>
> [Appellant]: Yes.
>
> [Defense Counsel]: There are no witnesses to call; is that your belief as well?
>
> [Appellant:] Yes.
>
> [Defense Counsel]: So we will not be calling any witnesses?
>
> [Appellant]: Yes.
>
> [Defense Counsel]: Are you doing this of your own freewill?
>
> [Appellant]: Yes.
>
> [Defense Counsel]: And you have the right to call witnesses?
>
> [Appellant]: Yes, sir.
>
> [Defense Counsel]: Are you satisfied?
>
> [Trial court]: Yes.

As such, the record further refutes [Appellant's] claim of ineffectiveness because [Appellant] indicated to counsel that he did not wish to call any witnesses to testify on his behalf.

> Accordingly, this Court has determined that his claim of ineffective assistance of trial counsel lacks merit.

PCRA Court Opinion, 6/10/2016, at 6-7 (unnecessary capitalization omitted).

We agree with the PCRA court that Appellant has failed to meet the threshold requirements to establish a valid argument that he was prejudiced by counsel's failure to call Mr. Amerman as a witness. *See Commonwealth v. Neal*, 713 A.2d 657, 663 (Pa. Super. 1998) ("In order to establish that trial counsel was ineffective for failing to call witnesses, a petitioner must: (1) identify the witness or witnesses; (2) demonstrate that counsel actually knew, or had a duty to know, the identity of the witness or witnesses prior to trial; (3) demonstrate that the witness or witnesses were ready, willing and able to testify for the defense at trial; and (4) demonstrate that the proposed testimony would have been helpful to the defense asserted at trial."). Here, the affidavit is silent as to whether Mr. Amerman was available and willing to testify at the time of trial. This omission is fatal to Appellant's claim. *See Commonwealth v. Khalil*, 806 A.2d 415, 422 (Pa. Super. 2002) (Finding statements of potential witnesses proffered by petitioner were insufficient to satisfy the burden of proving ineffectiveness when the "statements [did] not meet the second and fourth prongs of the test because they [did] not indicate whether the individuals were available and willing to cooperate with the defense. Nor [did] these statements indicate that the persons who authored them were known to counsel."). *See also Commonwealth v. Lassen*, 659 A.2d 999, 1012 (Pa. Super.

1995), *abrogated on other grounds*, (Finding the absence of affidavits indicating a potential witness' willingness and ability to cooperate barred appellant from obtaining relief.). Moreover, as set forth *supra*, during his colloquy at trial, Appellant affirmatively acknowledged there were no witnesses to call. N.T., 3/11/2010, at 87. No relief is due.

Next, Appellant avers counsel was ineffective for failing to contest the trial court's decision to provide the jury with a portion of the charge, namely, the charge for attempted murder. Appellant's Brief at 24. Appellant argues that allowing the jury to possess only one portion of the charge during deliberations was in violation of Pa.R.Crim.P. 646. *Id.* at 24. Pa.R.Crim.P. 646 states, in pertinent part:

> (B) The trial judge may permit the members of the jury to have for use during deliberations written copies of the portion of the judge's charge on the elements of the offenses, lesser included offenses, and any defense upon which the jury has been instructed.
>
> (1) If the judge permits the jury to have written copies of the portion of the judge's charge on the elements of the offenses, lesser included offenses, and any defense upon which the jury has been instructed, the judge shall provide that portion of the charge in its entirety.
>
> (2) The judge shall instruct the jury about the use of the written charge. At a minimum, the judge shall instruct the jurors that
>
>> (a) the entire charge, written and oral, shall be given equal weight; and
>>
>> (b) the jury may submit questions regarding any portion of the charge.

By way of further background, during the jury's deliberations at Appellant's trial, the jury submitted a question about the definition of attempted murder. The following exchange took place on the record:

> [Trial Court]: What I have proposed and both counsel [and the Commonwealth] have agreed without any objection and we also have shown it to [Appellant], is that under the new rules of procedure what is allowed to be shown to a jury. I am going to give them a copy of the standard jury instruction on attempted murder. It is an exact copy of what was read to them. Is that right [Defense Counsel]; and I have given you an opportunity to look at and review it and you have shown it to [Appellant]?
>
> [Defense Counsel]: Yes.
>
> [Trial Court]: He understands that instead of bringing them back out here and reading it again that I am going to exercise my discretion and follow those new rules and give it to the jury to read?
>
> [Defense Counsel]: He understands, Your Honor.
>
> [Trial Court]: I know you are stepping in for Ms. Rhodes for the Commonwealth and you agree with this.
>
> [Commonwealth]: Yes, Your Honor.
>
> [Trial Court]: I will send this with my staff for them to read it over.

Th[e trial court] proposed, and counsel and [Appellant] agreed, that sending back the written definition would be a more practical way to give the jury the answer to their narrowly tailored question, rather than having everyone brought back into the courtroom and the [a]ttempted [m]urder charge reread from the bench.

PCRA Court Opinion, 6/10/2016, at 7-8 (footnotes omitted).

Here, Appellant asserts that he was prejudiced by trial counsel's failure to object to the trial court decision, baldly claiming, "[h]ad the entire charge been provided to the jury and had the jury been instructed accordingly, the outcome of the trial would have been different." Appellant's Brief at 26. Because such a bald claim does not demonstrate prejudice, Appellant's claim fails and we need not consider the merits of the claim or the reasonableness of counsel's failure to object. ***Commonwealth v. Fears***, 86 A.3d, 795 at 804 (Pa. 2014) (noting that, if an ineffective assistance claim falls short under any element, the court may skip ahead to that element). Thus, his second issue warrants no relief from this Court.

Lastly, Appellant contends his counsel was ineffective for failing "to object to the trial court's denial of Appellant's right to a jury trial concerning the charge of possession of a firearm." Appellant's Brief at 29. As noted by the PCRA court, the record belies Appellant's claim.

> In the instant matter, [Appellant's] assertion that counsel was ineffective for failing to object to [the trial court's] "denial" of his right to a jury trial on the [possession of a firearm by persons not permitted] is meritless and finds no support in the record. The jury convicted [Appellant] of attempted murder (F1), aggravated assault (F1), carrying firearms without a license (F3), possession of instrument of crime (M1) and recklessly endangering another person (M2). After polling the jury and recording the verdict, the following discussion and colloquy was held on the record:
>
> > [Trial Court]: We need to determine whether it is going to go [*sic*] be submitted to the jury or do you want to explain to [Appellant] that he can waive the jury for that portion of that charge.

[Defense Counsel]: He can waive it. He understands that however --

[Trial Court]: Essentially they are going to be told by me that he had a record and therefore couldn't have a gun and they already found him guilty of having the gun.

[Defense Counsel]: We will stipulate to his prior record, but it will be a jury question. It is the jury's decision as to the whether --

[Commonwealth]: The only aspect. They already found him guilty of possessing the gun. The only question is whether or not he could not have a gun because he was a convicted felon.

[Trial Court]: He can't. I am going to instruct them -

[Defense Counsel]: That is what it is.

[Trial Court]: He can also just do it as a waiver and waive the jury's ability to do that and have –

[Defense Counsel]: Actually -- if I could have a minute.

(Whereupon, [Defense Counsel] conferred with [Appellant].)

[Defense Counsel]: I will colloquy [Appellant].

[Trial Court]: Okay.

[Defense Counsel]: [Appellant], do you understand you are still under oath from when you took your oath in the trial?

[Appellant]: Yes.

[Defense Counsel]: You know you have been found guilty of all the charges including the charge of carrying a firearm without a license?

[Appellant]: Yes.

[Defense Counsel]: One further charge left is a person not permitted to carry a firearm based on their criminal record. Do you understand that?

[Appellant]: Yes.

[Defense Counsel]: You have an absolute right for the jury to hear it; however it is my understanding after speaking to you that you want to waive your right to a jury trial as to that charge and allow the judge to make her decision as to guilty or not guilty. Do you understand that?

[Appellant]: Yes.

[Defense Counsel]: Is that your decision?

[Appellant]: Yes.

[Defense Counsel]: Are you doing that of your own freewill?

[Appellant]: Yes.

[Defense Counsel]: Are you under the influence of alcohol or drugs that would inhibit your ability to understand?

[Appellant]: No, sir.

[Defense Counsel]: Has anyone forced or promised you to give up that right to a jury trial and have a judge decide?

[Appellant]: No.

[Defense Counsel]: Are you satisfied, Your Honor?

[Trial Court]: I am. It is just a matter of introducing into the record, from what I understand is a charge under 6106.

[Commowealth]: 6105, Your Honor.

[Trial Court]: The jury has already made the decision that he possessed the gun and that it was a firearm.

[Commonwealth]: Correct, Your Honor. It is a legal argument based upon the record that he is ineligible under the 6105 statute to be able to be in possession of a gun it is more of a legal issue. At this point, Your Honor, the Commonwealth will mark and move [Appellant's] criminal record under Photo No. 792119. Specifically Ms. Rhodes submitted two Quarter Sessions Files the first being CP-51-CR-1204761-1998, a conviction in front of [Judge] Catherine Lewis that would be to robbery, felony of the second-degree and criminal conspiracy. Both the robbery [*sic*] does not make [Appellant] eligible to carry a firearm. The second Quarter Sessions File will be under CP-51-CR-0304881-2001, a conviction for possession with the intent to deliver in front of Judge Kane and that is also a felony conviction. All three of those being felony convictions that do fall under the statute that do not make [Appellant] eligible[. H]e cannot carry a firearm without a license as the jury found and that would make him a convicted felon with those charges that would fall under 6105; and with that we would rest with those quarter sessions files marked and moved.

[Defense Counsel]: So stipulated.

(Whereupon, C-25 was marked and moved into evidence.)

[Trial Court]: So [Appellant,] understand there is very little to decide once I hear about this conviction for robbery and a conviction for PWID. The law says you are not to be in possession of a firearm and the jury's factual finding that you had a firearm and you are in possession of it. So I will find him guilty of 6105.27.

- 12 -

PCRA Court Opinion, 6/10/2016, at 9-11 (footnote and unnecessary capitalization omitted).

Appellant further argues his "jury trial waiver was not knowing, voluntary and intelligent[ly entered]." Appellant's Brief at 28. Appellant avers he was not informed "of the essential ingredients of a jury trial" and never executed a written waiver. *Id.* at 29. Without addressing the arguable merit of this claim, we reiterate that a petitioner must show that, "but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." *Commonwealth v. Kimball*, 724 A.2d 326, 333 (Pa. 1999). Here, Appellant provides no argument, nor are we able to proffer one on his behalf, as to how he was prejudiced by counsel's actions. As aptly stated by the PCRA court:

> [Appellant] is unable to show that he suffered any prejudice on account of counsel's actions because the jury's conviction for the charge of [possession of a firearm] in conjunction with his existing criminal record left no outstanding actual determinations to be made in adjudicating the charge of [possession of a firearm by a person not to possess].

PCRA Court Opinion, 6/10/2016, at 11. No relief is due.

Because we agree with the PCRA court that Appellant's issues lack merit, we find no error in the PCRA court's decision to dismiss Appellant's petition without a full evidentiary hearing.

> The PCRA court has the discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled

- 13 -

to post-conviction collateral relief, and no legitimate purpose would be served by any further proceedings. [T]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

***Commonwealth v. Hutchinson***, 25 A.3d 277, 285 (Pa. 2011) (quotations and citation omitted).

As Appellant has failed to convince this Court that the PCRA court erred by dismissing his petition, we affirm the PCRA court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/2017