663 A.2d 676

COMMONWEALTH of Pennsylvania, Appellee,

v.

Dewitt CRAWLEY, Appellant.

Supreme Court of Pennsylvania.

Submitted April 7, 1995.

Decided Aug. 22, 1995.

Reargument Denied Oct. 16, 1995.

410

Dale W. Miller, Philadelphia, for D. Crawley.

Catherine Marshall, Philadelphia, Robert A. Graci, Harrisburg, Alan Sacks, Asst. Dist. Atty., for Com.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE and MONTEMURO, JJ.

## OPINION OF THE COURT

CAPPY, Justice.

Presently before this Court is a direct appeal from the Order of the Court of Common Pleas denying Appellant's

petition for post-conviction relief.[1] For the reasons set forth below, we affirm the Order of the Court of Common Pleas.

In 1985, a jury convicted Appellant, Dewitt Crawley, of three counts of first degree murder in the brutal homicides of his two teenaged nieces and his brother-in-law. Appellant received three sentences of death. On direct appeal, this Court upheld the convictions and the sentences of death. *Commonwealth v. Crawley*, 514 Pa. 539, 526 A.2d 334 (1987). In 1990, Appellant filed a Post Conviction Relief Act (PCRA)[2] petition collaterally attacking his sentences of death.

■■ To be eligible for PCRA relief the burden rests upon the PCRA petitioner to establish by a preponderance of the evidence that his sentence resulted from one or more of the enumerated errors or defects listed in 42 Pa.C.S. § 9543(a)(2)[3]

**1.** 42 Pa.C.S. § 9546(d) provides that a final order disposing of a defendant's post-conviction petition in a death penalty case shall be directly appealable to this Court.

**2.** 42 Pa.C.S. § 9541 *et seq.*

**3.** Section 9543 provides as follows:

(a) **General rule.**—To be eligible for relief under this subchapter, a person must plead and prove by a preponderance of the evidence all of the following:

(1) That the person has been convicted of a crime under the law of this Commonwealth and is:

. . . . .

(ii) awaiting execution of a sentence of death for a crime

. . . . .

(2) That the conviction or sentence resulted from one or more of the following:

(i) A violation of the Constitution of Pennsylvania or laws of this Commonwealth or the Constitution of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(iii) A plea of guilty unlawfully induced. . . .

(iv) The improper obstruction by Commonwealth officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

and that the issues which he raises have not been previously litigated. *Commonwealth v. Banks*, 540 Pa. 143, 656 A.2d 467 (1995). An issue has been previously litigated if the highest appellate court in which a petitioner could have had review has ruled on the merits of the issue or the issue has been raised and decided in a proceeding collaterally attacking the conviction or sentence. 42 Pa.C.S. § 9544. If the issue has not been finally litigated, a petitioner must also prove that the issue has not been waived or that, if waived, the conditions in either 42 Pa.C.S. § 9543(a)(3)(ii) or (iii) have been met.[4] Finally, a petitioner has the burden of proving by a preponderance of the evidence that the failure to litigate the issue prior to, or during trial, or on direct appeal could not have resulted from any reasonable tactical decision of counsel. 42 Pa.C.S. § 9543(a)(4).

With the foregoing standards in mind, we turn to Appellant's claims of error in the instant matter. Appellant claims that trial counsel was ineffective for 1) failing to advise Appellant of his right to present evidence of mitigating circumstances during the penalty phase of the trial; and 2) failing to present evidence of mitigating circumstances during

(v) A violation of the provisions of the Constitution, law or treaties of the United States which would require the granting of Federal habeas corpus relief to a State prisoner.

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and that would have affected the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

4. Section 9543(a)(3) provides

That the allegation of error has not been previously litigated and one of the following applies:

(i) The allegation of error has not been waived.

(ii) If the allegation of error has been waived, the alleged error has resulted in the conviction or affirmance of sentence of an innocent individual.

(iii) If the allegation of error has been waived, the waiver of the allegation of error during pretrial, post-trial or direct appeal proceedings does not constitute a State procedural default barring Federal habeas corpus relief.

414

the penalty phase of the trial.[5]

In order to establish an ineffective assistance of counsel claim, the Appellant must meet the three prong test articulated in *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987). Appellant must establish that the issue underlying the claim of ineffectiveness has merit. Second, Appellant must establish that the course of action or inaction chosen by counsel had no reasonable basis in advancing Appellant's interests. Third, Appellant must establish that he suffered prejudice as a result of the counsel's action or inaction. Prejudice in this context has been defined to mean that Appellant must establish that but for the arguably ineffective act or omission there is a reasonable probability that the result would have been different. *Commonwealth v. Douglas*, 537 Pa. 588, 597, 645 A.2d 226, 230 (1994). Appellant bears the burden of proving all three prongs of this standard. *Commonwealth v. Baker*, 531 Pa. 541, 562, 614 A.2d 663, 673 (1992). Moreover, the law in Pennsylvania presumes that counsel was effective. *Commonwealth v. Cross*, 535 Pa. 38, 634 A.2d 173 (1993); *Commonwealth v. Pierce*, 515 Pa. 153, 159, 527 A.2d 973, 975 (1987).

The first claim of Appellant is that trial counsel was ineffective for failing to inform him of his right to present mitigating circumstances at the penalty stage of the trial. To support this allegation, Appellant did not call his trial counsel to testify but offered only his own testimony at the evidentiary hearing. The PCRA court specifically found this testimony "was not credible and that at least two matters were discussed" by trial counsel and Appellant relating to the presentation at the penalty stage of character witnesses and Appellant's good work history. *Commonwealth v. Crawley*, No. 155 February Term, 1984, slip op. at 7 (Common Pleas, 1st Judicial District, Criminal, filed May 19, 1994). Where, as here, the only evidence offered is the uncorroborated testimo-

5. We note that since trial counsel was also appellate counsel on direct appeal, this PCRA petition was the first opportunity for Appellant to raise the ineffectiveness of trial counsel. *Commonwealth v. Seachrist*, 478 Pa. 621, 623, 387 A.2d 661, 663 (1978).

ny of Appellant which the trier of fact specifically found to be not credible, we cannot say that the PCRA court abused its discretion. Accordingly, Appellant has clearly failed to meet his burden of proving that the underlying claim has merit and thus this issue does not provide a basis for relief.

Appellant's second claim of ineffectiveness is based upon trial counsel's failure to present evidence of mitigating circumstances. *See* 42 Pa.C.S. § 9711(e)(8). Specifically, Appellant alleges that trial counsel failed to present a) at least two character witnesses of which counsel was aware; b) evidence of Appellant's drug use; and c) evidence of Appellant's good work history.

In order for Appellant to establish that trial counsel was ineffective for failing to present witnesses, Appellant must establish: 1) the witnesses existed; 2) the witnesses were available; 3) that counsel was informed of the existence of the witnesses or should have known of the witnesses' existence; 4) that the witnesses were available and prepared to cooperate and would have testified on Appellant's behalf; and 5) the absence of the testimony prejudiced the Appellant. *Commonwealth v. Gonzalez*, 415 Pa.Super. 65, 608 A.2d 528 (1992). Again, the only evidence which Appellant offered to prove this claim was his uncorroborated testimony at the evidentiary hearing. Appellant testified that trial counsel was aware of the existence of two women with whom Appellant lived for 6 months prior to the murders. Appellant testified that they were willing and able to come forward to testify to his good character for peacefulness at the penalty stage of the trial. Appellant did not produce the two women at the PCRA evidentiary hearing. On the stand, he explained that their absence at the PCRA evidentiary hearing was due to their fear of Appellant's family members (who were also the family members of the victims) who had made threats to a relative of the two women to discourage that relative from testifying on Appellant's behalf at his trial. PCRA hearing transcript at

17–19.[6] As Appellant failed to call or subpoena these alleged character witnesses to appear at the evidentiary hearing or otherwise prove that they were unavailable for the evidentiary hearing, he has failed to carry his burden of proving that they were ready and willing to cooperate at the penalty phase of his trial and that they would have testified on his behalf. *See Commonwealth v. Hentosh,* 520 Pa. 325, 554 A.2d 20 (1989) (where allegedly helpful witness did not appear at PCRA evidentiary hearing, the Court is unable to determine whether witness' testimony would have been favorable to the defendant). Accordingly, we find that Appellant has failed to meet his burden of proving that there was merit to the claim that there were witnesses who were available and willing to testify and that the substance of their testimony would have been helpful to him.[7]

 We now consider the next allegation of ineffectiveness. Appellant alleges that trial counsel was ineffective for failing to put on evidence of his drug use as a mitigating circumstance. At the evidentiary hearing, Appellant testified that in 1980 he started to use methamphetamine, "speed" and pain killers which he obtained "off the street," and that in 1982 his use of these drugs increased subsequent to a car accident in which he was injured. Appellant did not testify as to how this drug use was relevant to the murders (i.e. that he was

6. Appellant asserts that although the women were fearful of testifying at Appellant's PCRA hearing which occurred in 1993, nevertheless they were willing and able to testify at the penalty stage of the trial which occurred in 1984 which is when Appellant states that the threats occurred.

7. Even were we to conclude that Appellant had established merit, we would be constrained to conclude that Appellant failed to prove that trial counsel's refraining from putting Appellant's character in issue lacked a reasonable basis. Trial counsel was aware that the Commonwealth was in possession of evidence of Appellant's bad character including Appellant's physically attacking his own mother and his threatening his brother under circumstances similar to those attendant to the murders. Upon rebuttal of Appellant's good character evidence, the Commonwealth could have presented evidence of Appellant's bad character or reputation. Thus we find that trial counsel could have reasonably refrained from putting Appellant's character in issue for fear that the Commonwealth's rebuttal evidence would have outweighed the benefit of the good character evidence.

*influenced* by drugs at the time of the murders) or how it would serve as a mitigating circumstance. Appellant did not testify that he informed his trial counsel of the fact of his drug use nor does he allege in his Brief to this Court that counsel was aware of such use or should have been aware of such use. As Appellant has failed to link his drug use with any mitigating circumstances and has failed to show that counsel knew or should have known of same, Appellant has utterly failed to carry his burden of proving that there was merit to the claim that his drug use was a mitigating circumstance. Accordingly, this issue does not afford Appellant relief.[8]

Finally, Appellant claims that trial counsel was ineffective for failing to put on evidence of Appellant's good work history. We have no evidence of record indicating the precise nature of this assertedly good work history and as such we cannot properly review this issue. As it is Appellant's burden to prove ineffectiveness and as he has failed to supply any evidence of his work history, we are constrained to conclude that Appellant has not carried his burden and thus this issue does not afford Appellant relief.[9]

8. Even if we were to find that Appellant carried his burden with respect to the merit prong of the ineffectiveness claim, nevertheless we would be constrained to find that Appellant failed to prove that his trial counsel had no reasonable basis for failing to put on Appellant's illegal use of drugs. Insofar as counsel could have reasonably concluded that evidence of Appellant's illicit drug use would have served only to further inflame the jurors against his client, we conclude that such a tactical decision is not outside the bounds of competent advocacy. As trial counsel is presumed effective, *Commonwealth v. Cross, supra,* and Appellant has not offered any evidence that trial counsel's failure to introduce the evidence of drug use was without a reasonable basis, Appellant has failed to prove ineffectiveness.

9. We note that appended to Appellant's brief to this Court is Appellant's resume. As it has not been offered into evidence and therefore not part of the official record, we cannot properly consider it. *Commonwealth v. Young,* 456 Pa. 102, 317 A.2d 258 (1974). However, even if we were to consider it, we find that counsel's failure to present Appellant's six year employment history as a janitor and maintenance worker evidenced by the resume did not work to Appellant's prejudice. In the face of the barbarity of the murders and the presence of two aggravating circumstances which the jury found and this Court upheld on direct appeal, we simply cannot conclude that but for counsel's failure to present Appellant's work history, there was a reasonable probability

418

As Appellant has failed to establish trial counsel's ineffectiveness, the denial of Appellant's petition for relief under the PCRA is affirmed.[10]

MONTEMURO, J., is sitting by designation.

that the result would have been different. *See Commonwealth v. Douglas, supra.*

**10.** The Prothonotary of the Supreme Court is directed to transmit the complete record of this case to the Governor. 42 Pa.C.S. § 9711(i).