Dewitt CRAWLEY

v.

Martin HORN, et al.

No. CIV. A. 96–4665.

United States District Court,
E.D. Pennsylvania.

June 11, 1998.

---

Billy H. Nolas, Philadelphia, PA, for Dewitt Crawley.

Donna G. Zucker, Philadelphia, PA, for Defendants.

### MEMORANDUM ORDER

WALDMAN, District Judge.

This is a habeas corpus case. Petitioner is a state prisoner who received three sentences of death in 1985 for a triple murder. The convictions and sentences were upheld on direct appeal. *See Com. v. Crawley,* 514 Pa. 539, 526 A.2d 334 (1987). Petitioner filed a PCRA petition in 1990, collaterally attacking his sentences for alleged ineffectiveness of counsel during the penalty phase of his trial. That petition was denied and the denial was affirmed by the state Supreme Court. *See Com. v. Crawley,* 541 Pa. 408, 663 A.2d 676 (1995).

Petitioner subsequently filed this action pursuant to 28 U.S.C. § 2254. Consistent with *McFarland v. Scott,* 512 U.S. 849, 858–59, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994), the court granted petitioner's motion for a stay of execution to provide counsel an adequate opportunity to prepare and present a petition. Counsel was initially given three months in which to do so, but several extensions were required because of problems encountered in securing petitioner's state court record. Ultimately, petitioner filed a 167 page petition asserting 27 claims in support of his request to vacate his convictions and sentences.

The court granted respondents' request for an extension of several months in which to file a response. Ultimately, respondents filed instead a motion to defer any substantive response until apparent preliminary issues of exhaustion and procedural default could be adjudicated. Given the length of the petition, the number of claims asserted and the limited number of assistant district attorneys in the unit responsible for litigating numerous pending habeas cases, respondents' request is a reasonable one. Petitioner has not objected to it.

It is uncontroverted that petitioner has included unexhausted claims in this action, at least some of which have apparently also been asserted in a subsequently filed second PCRA petition. Where the parties differ is on the question of whether the unexhausted claims are procedurally barred. Respondents advised the court and petitioner by correspondence of April 23, 1998 that they would not waive exhaustion as to any claim.

The court finds persuasive petitioner's arguments as to why state court review of his unexhausted claims is not clearly foreclosed and, in any event, cannot accept respondents' invitation to disregard or deem moot the opinion of the Court in *Banks v. Horn,* 126 F.3d 206 (3d Cir.1997). Moreover, even putting aside the relaxed waiver practice in death cases, at least one apparently unexhausted claim may satisfy the miscarriage of justice exception if it can be supported. Petitioner claims that the prosecution withheld important exculpatory evidence regarding a critical witness, Jessie Lee Brown.

All parties acknowledge that without a waiver by respondents and absent the ability of the court conscientiously to conclude that relief in the state court system is clearly precluded, dismissal of this action without

prejudice is appropriate. Although his proposed order provides that "[t]he petition is dismissed without prejudice for exhaustion of state remedies," petitioner alternatively suggests in his brief that the court stay this action pending exhaustion. In the absence of any showing or even suggestion of the type of extraordinary circumstances required to justify retention of a case involving a mixed petition at this juncture, a dismissal without prejudice is the appropriate disposition. *See Christy v. Horn*, 115 F.3d 201, 207–08 (3d Cir.1997).

**ACCORDINGLY,** this day of June, 1998, after consideration of respondents' Motion for Adjudication of Preliminary Procedural Issues (Doc. # 20) and petitioner's response thereto, **IT IS HEREBY ORDERED** that said Motion is **GRANTED** and petitioner's petition for a writ of habeas corpus is **DENIED** for failure to exhaust state remedies and the above action is **DISMISSED** without prejudice to petitioner to reinstitute a § 2254 action upon exhaustion of state remedies if he does not obtain relief in the state courts.