J-S64044-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| TRAVIS TAIA WASHINGTON, SR. | |
| Appellant | No. 1870 MDA 2016 |

Appeal from the PCRA Order October 20, 2016
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0006836-2011

BEFORE: PANELLA, J., SHOGAN, J., and FITZGERALD,[*] J.

MEMORANDUM BY FITZGERALD, J.:                    **FILED NOVEMBER 16, 2017**

Appellant, Travis Taia Washington, Sr., appeals from the order entered in the York County Court of Common Pleas denying his first petition filed pursuant to the Post Conviction Relief Act[1] ("PCRA"). Appellant contends plea counsel was ineffective for failing to investigate possible witnesses and defenses. We affirm.

The relevant facts and procedural history of this case are as follows. Appellant shot his wife during a domestic dispute. On June 26, 2012, Appellant entered an open guilty plea to attempted criminal homicide[2] and

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S §§ 9541-9546.

[2] 18 Pa.C.S. §§ 901(a), 2502(a).

terroristic threats.[3]  The trial court sentenced Appellant on August 27, 2012, to an aggregate term of ten to twenty years' imprisonment.  Thereafter, Appellant filed a *pro se* motion to withdraw his guilty plea.  Following a hearing on Appellant's motion, the court denied it on February 27, 2013.  Appellant timely appealed, and this Court affirmed his judgment of sentence on January 28, 2014.  ***See Commonwealth v. Washington***, 96 A.3d 1094 (Pa. Super. 2014) (unpublished memorandum).

Appellant timely filed a *pro se* PCRA petition on August 18, 2014, as well as a subsequent amended petition, in which he raised claims of ineffective assistance of plea counsel for, *inter alia*, failing to investigate possible witnesses and defenses.  The PCRA court appointed counsel and conducted a hearing on the motion during which both plea counsel and Appellant testified.  Following the hearing, the PCRA court denied Appellant's motion on October 20, 2016.  Appellant timely filed a notice of appeal on November 15, 2016.  The PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant complied.

Appellant raises the following issues for our review:

> 1. Whether the PCRA court erred in denying the Petition for Post-Conviction Relief for ineffective assistance of counsel on the basis that [] Appellant's [plea] counsel failed to reasonably investigate potential defenses to be raised at

---

[3] 18 Pa.C.S. § 2706(a)(1).

trial before advising [] Appellant to enter an open guilty plea?

2. Whether the PCRA court erred in denying the Petition for Post-Conviction Relief for ineffective assistance of counsel on the basis that [] Appellant's [plea] counsel failed to introduce [] Appellant's mental health records as mitigation evidence at sentencing?[4]

Appellant's Brief at 4.

Appellant argues plea counsel was ineffective for failing to investigate witnesses that would have supported a claim of self-defense. Appellant contends plea counsel ignored his request to investigate the claim and this failure forced Appellant to plead guilty. Specifically, Appellant alleges he asked plea counsel to investigate several witnesses who were familiar with the victim's history and her propensity for aggression and violence. Appellant claims that by interviewing these witnesses, plea counsel would have been able to develop a claim of self-defense for trial. Appellant maintains plea counsel's actions lacked any reasonable basis, and had he investigated this claim Appellant would not have pled guilty. Appellant concludes this Court should reverse the PCRA court's denial of his petition and remand for a trial. No relief is due.

The standards for reviewing the PCRA court's denial of a PCRA claim are as follows:

[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record,

---

[4] Appellant has withdrawn the second issue raised in his brief for lack of support in the record. Therefore, we will not address it.

and reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

***Commonwealth v. Charleston***, 94 A.3d 1012, 1018-19 (Pa. Super. 2014) (some citations omitted).

[C]ounsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his or her conduct; and (3) [a]ppellant was prejudiced by counsel's action or omission. To demonstrate prejudice, an appellant must prove that a reasonable probability of acquittal existed but for the action or omission of trial counsel. A claim of ineffective assistance of counsel will fail if the petitioner does not meet any of the three prongs. Further, a PCRA petitioner must exhibit a concerted effort to develop his ineffectiveness claim and may not rely on boilerplate allegations of ineffectiveness.

***Commonwealth v. Perry***, 959 A.2d 932, 936 (Pa. Super. 2008) (quotation marks and citations omitted).

Instantly, the PCRA court concluded:

[F]or this claim to succeed, [a d]efendant is required to show: 1) favorable witnesses existed; 2) the witnesses were available; 3) counsel knew or should have known of the existence of the witnesses; 4) the witnesses would have testified on his behalf; and 5) the absence of the testimony prejudiced him. ***Commonwealth v. Gonzalez***, 608 A.2d 528, 532 (Pa. Super. 1992). [Appellant] has established none of these things.

\* \* \*

[Appellant] gave his own testimony [at the PCRA hearing] that he may have been able to argue self-defense based on witnesses . . . that could have shown the victim was

- 4 -

aggressive and unstable. But that was it. [Appellant] never provided the names of any witnesses, showed they would have been willing and available to testify for him, or explained how their testimony would have helped him. This was woefully insufficient to establish ineffectiveness. *See **Commonwealth v. Crawley***, 663 A.2d 676, 680 (Pa. 1995) (rejecting similar claim because "the only evidence which [a]ppellant offered to prove this claim was his uncorroborated testimony at the evidentiary hearing").

PCRA Ct. Order & Supporting Mem., 10/20/16, at 9-11. The record supports the PCRA court's findings, and we discern no error in the court's legal conclusion.[5] *See Perry*, 959 A.2d at 936.

Thus, we agree with the PCRA court that Appellant did not establish his claim that plea counsel was ineffective for failing to investigate possible witnesses and affirm the order denying Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/16/2017

---

[5] Furthermore, we note that plea counsel testified at the PCRA hearing that he did not think it would advance Appellant's case to talk to any witnesses because, based on the police report and the statements of three independent witnesses who saw the crime occur, Appellant chased the victim, his wife, out of the back door of the house and shot at her as she was running **away** from Appellant. N.T., 2/23/16, at 11-13. Plea counsel stated his strategy was effective due to the circumstances of the crime and the details surrounding it as well as the discovery from the Commonwealth's witnesses. *Id.* at 17.