J-S77036-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| EDDIE MITCHELL, | : | |
| | : | |
| Appellant | : | No. 3304 EDA 2017 |

Appeal from the PCRA Order August 31, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005026-2013

BEFORE: OTT, J., DUBOW, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.: **FILED FEBRUARY 13, 2019**

Eddie Mitchell (Appellant) *pro se* appeals from the order entered on August 31, 2017, which denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

On June 3, 2014, Appellant was convicted by a jury of first-degree murder, carrying a concealed firearm without a license, and carrying a firearm in Philadelphia. These convictions stemmed from Appellant's involvement in the murder of Maurice Hampton on February 11, 2012. That evening, after receiving a radio call, police found Hampton lying on the street near a van at the intersection of 25th and Master Streets after being shot multiple times. He was pronounced dead after arriving at Temple University Hospital.

---

* Retired Senior Judge assigned to the Superior Court.

Police obtained surveillance video from a store located near the scene. The video showed an individual, later identified as Appellant, waiting in the area a few minutes before the incident. Hampton exited the store holding a black plastic bag, and as he walked north on 25th Street, Appellant pulled out a gun and shot at Hampton. Hampton turned around and began to run down Master Street; Appellant chased after and shot at Hampton. Hampton then collapsed near a van, and Appellant fled south on 25th Street.

Relevant to this appeal, police interviewed three key witnesses during the course of the investigation in an attempt to identify the shooter. On February 16, 2012, police interviewed Jakyle Young, who gave a statement

> in which he explained that while he was sitting in [a] car, he observed Hampton walk down Master Street when a man he knew as "Abdul" started shooting at Hampton. [Young] heard about ten gunshots and saw Abdul run south on 25th Street. Young explained that he knew Abdul from the mosque on 2nd Street and Girard Avenue. On August 28, 2012, Young identified [Appellant] as the shooter from a photo array.

*Commonwealth v. Mitchell*, 120 A.3d 383 (Pa. Super. 2015) (unpublished memorandum at 1).

Police also interviewed Latoya Ransome, Hampton's girlfriend, on April 16, 2012. After being shown the surveillance video, she "identified the shooter as a man she knew as 'Stacks.'" *Id*. at 2. "Ransome explained that Stacks and Hampton were having problems because they were both dating a woman named Rasheeda Wesley." *Id*. Ransome identified Appellant as "Stacks" from a photo array.

- 2 -

Finally, police interviewed Nichole Bennett, Hampton's sister, on April 17, 2012.

> [A]fter viewing the video in the Homicide Division, she identified the shooter as [Appellant], a man she knew as "Stacks." Bennett gave the detectives Stacks' phone number, which was later determined to be [Appellant's] phone number.[1] Bennett explained that [Appellant] and Hampton were having problems because they were dating the same woman. On July 30, 2012, Bennett identified [Appellant] from a photo array.

*Id*.

Based on the foregoing identifications, Appellant was arrested on September 6, 2012. During Appellant's jury trial, both Young and Ransome testified differently than their previous statements to police. Young testified that he "heard shots but [] didn't see nobody [*sic*] shooting." N.T., 5/28/2014, at 78. Young further testified that he was on drugs when he gave his statement to police, and parts of his statement were untrue. Also at trial, Ransome testified that she did not identify Appellant in the surveillance tape and never told police she did. *Id*. at 171.

On the other hand, at trial, Bennett identified Appellant as the shooter on the video. N.T., 5/29/2014, at 106. She testified that she knew Appellant as someone who sells "weed in that area." *Id*. at 107. Bennett also testified that she knew that her brother was romantically involved with Rasheeda

---

[1] At trial, Appellant's employer, Ken Cocchi, testified that he provided a telephone to Appellant with the same phone number that Bennett provided to police. N.T., 6/2/2014, at 13.

Wesley. *Id*. at 108. In addition, Bennett confirmed that she gave Appellant's phone number to police. *Id*. at 113.

On June 3, 2014, Appellant was convicted of the aforementioned crimes, and he was sentenced to a mandatory term of imprisonment of life without parole for the first-degree murder conviction. Appellant filed a direct appeal to this Court, and on February 18, 2015, this Court affirmed Appellant's judgment of sentence. *Mitchell*, *supra*. Appellant filed a petition for allowance of appeal, which was denied by our Supreme Court on June 16, 2015. *Commonwealth v. Mitchell*, 117 A.3d 296 (Pa. 2015).

On June 2, 2016, Appellant timely filed a *pro se* PCRA petition. Appellant *pro se* filed a supplemental petition on October 24, 2016. On February 17, 2017, counsel was appointed, and on June 1, 2017, counsel filed a motion to withdraw and no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On the same day, the PCRA court filed notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss the petition without a hearing. On July 6, 2017, the PCRA court granted counsel's petition to withdraw and dismissed Appellant's petition without a hearing.

On July 20, 2017, Appellant filed a *pro se* response to the Rule 907 notice, claiming he did not receive the June 1, 2017 Rule 907 notice. Therefore, the PCRA court refiled the Rule 907 notice on August 1, 2017. Appellant timely filed a *pro se* response to that notice, which included a claim

- 4 -

that PCRA counsel's representation was ineffective.  On August 31, 2017, the PCRA court denied Appellant's petition.   Appellant timely filed a notice of appeal.[2]

On appeal, Appellant presents four claims for our review, and we review each according to the following.  "Our standard of review of a [] court order granting or denying relief under the PCRA calls upon us to determine 'whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.'"  **Commonwealth v. Barndt**, 74 A.3d 185, 192 (Pa. Super. 2013) (quoting **Commonwealth v. Garcia**, 23 A.3d 1059, 1061 (Pa. Super. 2011)).

To the extent Appellant is claiming trial and PCRA counsel were ineffective, we bear in mind the following.  We presume counsel is effective. **Commonwealth v. Washington**, 927 A.2d 586, 594 (Pa. 2007).   To overcome this presumption and establish the ineffective assistance of counsel, a PCRA petitioner must prove, by a preponderance of the evidence: "(1) the underlying legal issue has arguable merit; (2) that counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the [appellant] from counsel's act or omission." **Commonwealth v. Johnson**, 966 A.2d 523, 533 (Pa. 2009) (citations omitted). "[A petitioner] establishes prejudice when he

---

[2] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), but the PCRA court did author two separate Pa.R.A.P. 1925(a) opinions upon issuing the aforementioned Rule 907 notices.

demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* A claim will be denied if the petitioner fails to meet any one of these requirements. *Commonwealth v. Springer*, 961 A.2d 1262, 1267 (Pa. Super. 2008).

Appellant first contends that trial counsel was ineffective in failing to request a certain jury instruction. Specifically, Appellant claims that the trial court should have provided an instruction pursuant to *Commonwealth v. Kloiber*, 106 A.2d 820 (Pa. 1954) (requiring an instruction to a jury to receive testimony of a witness regarding identity with caution when that witness did not have the opportunity to view defendant clearly, equivocated in identification of defendant, or had difficulty identifying defendant in the past). Appellant's Brief at 10.

By way of background, the trial court did provide additional instructions regarding identification testimony. Specifically, the trial court pointed out that "several witnesses … identified [Appellant] as the person who committed the crimes." N.T., 6/2/2014, at 123. The trial court then gave general instructions, consistent with *Kloiber*, *supra*, regarding evaluation of that testimony. *Id*. at 123-25. The trial court went on to point out that two of the witnesses, Young and Ransome, "did not make identifications in the courtroom." *Id*. at 125. The trial court instructed the jurors to "review those

… two witnesses' identification[s] with special scrutiny and receive it with caution." *Id*.

Appellant acknowledges a *Kloiber* instruction was given for witnesses Young and Ransome, but argues that he was prejudiced because "*Kloiber's* safeguard was not afforded to the only witness who identified Appellant at trial." Appellant's Brief at 11.  In addition, Appellant contends PCRA counsel was ineffective for not raising this issue properly. *Id*. at 18.

Our review of the transcript reveals that Appellant has misread the trial court's instructions to the jury.  The trial court did provide a *Kloiber* instruction for all three witnesses, *see* N.T., 6/2/2014, at 123-25, and then provided additional cautionary instructions, which actually worked in Appellant's favor, with respect to the two witnesses who recanted their testimony. *Id*. at 125.  Based on the foregoing, Appellant's claim is without merit, and neither trial counsel nor PCRA counsel was ineffective for either failing to raise it or presenting it properly. *See Commonwealth v. Tilley*, 780 A.2d 649 (Pa. 2001) (holding that counsel will not be deemed ineffective for failing to raise a meritless claim).  Accordingly, Appellant is not entitled to relief on this claim.

Appellant next contends that trial counsel was ineffective for failing to investigate adequately impeachment evidence about Bennett. Appellant's Brief at 20-25.  According to Appellant, "[t]rial counsel failed to independently investigate [] Bennett's account to detectives that she not only knew

Appellant, but that she had sex with Appellant and called him a few times on the number that she turned over to detectives."[3] *Id*. at 20. Appellant claims that trial counsel's failure to investigate this impeachment evidence resulted in prejudice.

In considering this issue, we first point out that it is not at all clear how this information is impeachment evidence regarding Bennett or would even help Appellant's case. However, assuming *arguendo* it is impeachment evidence, Appellant did not raise this issue before the PCRA court. In the **Turner/Finley** letter, counsel set forth the issue that "trial counsel was ineffective for failing to obtain cell phone records for the purpose of impeaching [] Bennett's credibility." **Turner/Finley** letter, 6/1/2017, at 12. In his response to the PCRA court's Rule 907 notice, Appellant again claimed that trial counsel should have obtained cell phone records. *Pro se* Response, 8/17/2017, at 4. At no point prior to his brief on appeal has Appellant ever made the claim he is now setting forth. Accordingly, this claim is waived. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

---

[3] This information is presented in an affidavit dated July 3, 2018, which is signed by Appellant and attached to his appellate brief. **See** Appellant's Brief at Exhibit B. To the extent that this affidavit could be considered evidence, it is well-settled that because it is being presented for the first time on appeal, such evidence is not part of the official record, and we cannot consider it. **See** **Commonwealth v. Crawley**, 663 A.2d 676, 681 n.9 (Pa. 1995).

We now turn to Appellant's final two claims, which we address together. First, he argues that trial counsel was ineffective for failing to object to the Commonwealth's calling of two witnesses who refused to testify at trial. Appellant's Brief at 28-32. Appellant also claims that trial counsel was ineffective for failing to object to statements made by the Commonwealth during its closing argument. *Id*. at 35-40. With respect to both claims, Appellant claims that PCRA counsel was ineffective by failing to raise these issues. *Id*. at 32-34; 40-41.

First, with respect to Appellant's claims that trial counsel was ineffective, it is well-settled that a PCRA petitioner cannot raise a new claim of trial counsel ineffectiveness on appeal from an order denying PCRA relief. Instead, a petitioner must seek leave with the PCRA court to file a new PCRA petition. *Commonwealth v. Rykard*, 55 A.3d 1177, 1192 (Pa. Super. 2012) (holding that "in order to properly aver a new non-PCRA counsel ineffectiveness claim, the petitioner must seek leave to amend his petition"). Because Appellant has not done so, his claims of trial counsel ineffectiveness are waived.

We now turn to Appellant's claims that PCRA counsel was ineffective in failing to raise these claims. We have held "that in the context of [a] rule 907 notice, Appellant as PCRA petitioner had the duty to raise any claims of ineffective assistance of PCRA counsel in a response to this notice." *Commonwealth v. Smith*, 121 A.3d 1049, 1056 (Pa. Super. 2015). Instantly, in Appellant's response to the Rule 907 notice, he first sets forth a

bare bones claim that PCRA counsel did not investigate all of the issues Appellant wished to raise. *Pro se* Response, 8/17/2017, at 2. Appellant then goes on to explain why each issue counsel set forth in the **Turner**/**Finley** no-merit letter indeed has merit. **Id**. at 2-5; **see also** Supplemental PCRA Court Opinion, 8/31/2017, at 3 ("In the remainder of his 907 Response, [Appellant] challenges the veracity of PCRA counsel's investigation and legal analysis, and reiterates the issues and arguments raised in his *pro se* and Supplemental petitions."). Importantly, nowhere in his response does Appellant set forth the specific claims he is now raising on appeal.[4] Had Appellant done so, the PCRA court could have addressed those claims in the first instance, which is precisely why a petitioner is required to raise claims of PCRA counsel ineffectiveness in a response to a Rule 907 notice. **See Smith**, **supra**. Appellant's failure to do renders those claims waived.

Because Appellant has not presented any issue on appeal that would entitle him to relief under the PCRA, we affirm the order of the PCRA court.

Order affirmed.

---

[4] In fact, Appellant even acknowledges that he did not suggest either of the aforementioned issues to PCRA counsel; rather, he merely claims that they were not presented due to PCRA counsel's lack of communication. **See** Appellant's Brief at 33, 40.

Judgment Entered.

Joseph D. Seletyn, Esc.
Prothonotary

Date: 2/13/19